**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PHILIP ANTHONY ANDERSON,

       Petitioner,

v.

THOMAS BIRKETT,

       Respondent.

_____/

CASE NO. 2:11-CV-10346
HONORABLE DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS

       Philip Anthony Anderson, ("Petitioner"), presently confined at the Parnall Correctional Facility in Jackson, Michigan, has filed a *pro se* petition for writ of habeas corpus 28 U.S.C.§ 2254, in which he challenges his conviction for possession with intent to deliver less than fifty grams of heroin, M.C.L.A. 333.7401(2)(a)(iv); felon in possession of a firearm, M.C.L.A. 750.224f(2);

possession of a firearm in the commission of a felony [felony-firearm], second offense, M.C.L.A. 750.227b(1); and being a fourth felony habitual offender, M.C.L.A. 769.12. For the reasons stated below, the petition for writ of habeas corpus is DENIED.

## I.  Introduction

       Petitioner was convicted of the above offenses following a jury trial in the Oakland County Circuit Court.  This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review

pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir.

2009):

> Defendant was convicted of possessing with intent to deliver 25 packets of heroin that were found inside the hollow of a tree in his stepfather's backyard. Defendant was also convicted of weapons offenses arising from two rifles that were found in the second floor of his stepfather's home. The prosecutor's theory at trial was that defendant lived in the upstairs bedroom of his stepfather's house, and that the heroin found in the tree belong to defendant. Several documents containing defendant's name, and clothing matching defendant's size, were found in the upstairs bedroom.
>
> *******************************************************************************
>
> In the present case, the police found male clothing and shoes in the upstairs bedroom. The clothing was of a single size consistent with defendant's size, and the size of the shoes was consistent with defendant's shoe size. The police also found numerous documents in the upstairs portion of the house that contained defendant's name, including court paperwork and a current driver's license. There were no documents bearing anyone else's name, and defendant's name was not on any of the documents discovered on the first floor.
>
> A gun with a scope was found next to the bed. Two swords, a knight's axe, and a machete were also found in the bedroom. A second gun was found in the crawl space of the sitting room. The sitting room was accessible only through the bedroom, and the sitting room has a window overlooking the backyard from which the tree containing the heroin is visible. There were hundreds of lottery tickets found in both rooms. In the sitting room the police also found sandwich baggies, fingernail size baggies, and a scale. A double bindle[1] of heroin was found in the bedroom dresser, which matched the size and packaging of the heroin bindles that were found in the tree.
>
> *People v. Anderson,* No. 282019, No. 2009 WL 1204499, * 1, 5-6 (Mich.Ct.App. April 30, 2009).
>
> Petitioner's conviction was affirmed on appeal. *Id;* (Gleicher, J., concurring)*, lv.*

*den.* 485 Mich. 976, 774 N.W.2d 895 (2009).

---

[1]According to the Oxford English Dictionary, a bindle is defined as "any package or bundle, spec[ifically] one containing narcotics." *Oxford English Dictionary*, Bindle, n.2, available at http://www.oed.com/viewdictionaryentry/Entry/19130

Petitioner seeks a writ of habeas corpus on the following grounds:

I.  OFFICER WILSON OPINED THAT DEFENDANT WAS GUILTY. THAT WAS PROSECUTORIAL MISCONDUCT. NO CAUTIONARY INSTRUCTION REGARDING OFFICER WILSON'S DUAL ROLE AS A FACT AND EXPERT WITNESS WAS GIVEN. THAT WAS ERROR BY THE TRIAL COURT. DEFENDANT HAS BEEN DENIED HIS RIGHT TO A FAIRTRIAL, US CONST AM XIV.

II. PETITIONER'S CONVICTIONS ARE NOT SUPPORTED BY LEGALLY SUFFICIENT EVIDENCE. SPECIFICALLY, THE SO-CALLED "PROOFS OF RESIDENCY" FAILED TO PROVE PETITIONER HAD POSSESSION OF THE SEIZED FIREARMS OR CONTROLLED SUBSTANCES. THEY ALSO FAILED TO PROVE KNOWLEDGE OF THE ITEMS. THEREFORE, HIS CONVICTIONS MUST BE VACATED, AS VIOLATIVE OF FEDERAL DUE PROCESS OF LAW PROTECTIONS, US CONST AM XIV.

III.  PETITIONER WAS DENIED HIS SIXTH AMENDMENT RIGHT OF CONFRONTATION AND HIS RIGHT TO DUE PROCESS OF THE LAW, WHEN THE PROSECUTION FAILED TO ENDORSE KEY RES GESTAE WITNESSES WHO "ADVISED" OFFICER WILSON THAT THEY HAD DISCOVERED THE PLASTIC BAGGIE CONTAINING 25 BINDLES OF HEROIN INSIDE THE KNOT OF A TREE WHERE THE FACTS AND CIRCUMSTANCES SURROUNDING THE INITIAL DISCOVERY OF THE EVIDENCE WAS AN INTEGRAL PART OF THE CASE.

IV. PETITIONER WAS DEPRIVED OF HIS RIGHT TO A FAIR TRIAL AND DUE PROCESS OF THE LAW, AS GUARANTEED UNDER STATE AND FEDERAL CONSTITUTIONAL LAW, WHEN THE PROSECUTION PRESENTED FALSE AND MISLEADING TESTIMONY TO ESTABLISH THAT "25 BINDLES" OF HEROIN WERE FOUND IN THE BACKYARD ON THE PROPERTY DESCRIBED IN THE SEARCH WARRANT, AND THAT EXTRANEOUS INFORMATION PROVIDED BY A CONFIDENTIAL INFORMANT, WHICH THE JURY WAS NOT PRIVY TO, PROVED THAT PETITIONER WAS SELLING HEROIN OUT OF THE BACKYARD OF THE DWELLING WHERE THE SEARCH WARRANT WAS EXECUTED.

V.  PETITIONER WAS DENIED HIS STATE AND FEDERAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, BY DEFENSE COUNSEL'S FAILURE TO OBJECT WHEN THE PROSECUTION'S EXPERT WITNESS EXPRESSED HIS PERSONAL OPINIONS OF PETITIONER'S GUILT BY

DEFENSE COUNSEL'S FAILURE TO OBJECT WHEN THE TRIAL COURT PERMITTED EXPERT DRUG PROFILE EVIDENCE TO BE USED AS SUBSTANTIVE EVIDENCE OF GUILT AND WITHOUT A PROPER CAUTIONARY INSTRUCTION TO DISTINGUISH THE DUAL ROLE OF FACT AND EXPERT TESTIMONY, BY FAILING TO OBJECT WHEN FALSE AND MISLEADING EVIDENCE WENT BEFORE THE JURY AND BY COUNSEL FAILURE TO OBJECT TO THE USE OF EXTRANEOUS INFORMATION PROVIDED BY A CONFIDENTIAL INFORMANT.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court

4

concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,'and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S.Ct. 1855, 1862 (2010)(quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,* 131 S. Ct. at 786. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have

5

previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)).  A "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford,* 537 U.S. at 24.  In order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 131 S. Ct. at 786-87.

### III.  Discussion

#### A.  Claim # 1.  The procedural default issue.

Respondent contends that several of petitioner's claims are procedurally defaulted because petitioner failed to properly preserve these issues for appellate review and as a result, the Michigan Court of Appeals reviewed these claims for plain error only.

In his fifth claim, petitioner contends that trial counsel was ineffective for failing to object to these errors.  Procedural default is not a jurisdictional bar to review of a habeas petition on the merits. *See Trest v. Cain*, 522 U.S. 87, 89 (1997). Additionally,

6

"[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F. 3d 212, 215 (6th Cir.2003)(citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525.

Ineffective assistance of counsel may establish cause for procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). Given that the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of petitioner's defaulted claims, it would be easier to consider the merits of these claims. *See Cameron v. Birkett,* 348 F. Supp. 2d 825, 836 (E.D. Mich. 2004).

**B. Claim # 1. The claim involving the use of Officer Wilson as an expert witness on the issue of petitioner's guilt.**

Petitioner first contends that he was denied a fair trial when Officer Bart Wilson was permitted to testify as an expert witness on narcotics trafficking and offered an opinion as to petitioner's guilt when he testified concerning drug profile evidence. Petitioner further claims that he was prejudiced by the trial court's failure to give a cautionary instruction to the jurors to differentiate between Officer Wilson's dual roles as a fact witness and as an expert witness.

A majority of the Michigan Court of Appeals rejected petitioner's claim, concluding that Officer Wilson's expert testimony was either properly admitted drug profile evidence or did not constitute plain error affecting petitioner's substantial rights,

7

in light of the fact that there was sufficient evidence beyond Officer Wilson's testimony

to sustain petitioner's conviction. *Anderson,* 2009 WL 1204499, at \*3-4.  In a

concurring opinion, Judge Gleicher concluded that the admission of Officer Wilson's

testimony, although potentially prejudicial, did not amount to plain error in light of the

fact that the evidence "indisputably revealed that defendant resided in the upstairs

living area of the home, where the police found guns, narcotics, and narcotic packaging

materials." *Id.* at \* 13 (Gleicher, J., concurring).

The Supreme Court has held that "'federal habeas corpus review does not lie for

errors of state law.' " *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)(quoting *Lewis v.*

*Jeffers*, 497 U.S. 764, 780 (1990); *See also Williams v. White*, 183 F. Supp. 2d 969,

977 (E.D.Mich. 2002).  The Sixth Circuit has held that "[i]n a federal habeas corpus

proceeding, it is not the province of a federal appellate court to review the decision of

the state's highest court on purely state law." *Long v. Smith*, 663 F.2d 18, 23 (6th Cir.

1981). "[E]rrors by a state court in the admission of evidence are not cognizable in

habeas corpus proceedings unless they so perniciously affect the prosecution of a

criminal case as to deny the defendant the fundamental right to a fair trial." *Kelly v.*

*Withrow*, 25 F.3d 363, 370 (6th Cir. 1994).

The admission of expert testimony in a state trial presents a question of state

law which does not warrant federal habeas relief, unless the evidence violates due

process or some other federal constitutional right. *See Keller v. Larkins,* 251 F. 3d 408,

419 (3rd Cir. 2001).  A federal district court cannot grant habeas relief on the admission

of an expert witness' testimony in the absence of Supreme Court precedent which

8

shows that the admission of that expert witness' testimony on a particular subject violates the federal constitution. *See Wilson v. Parker,* 515 F.3d 682, 705-06 (6th Cir. 2008).

Petitioner was charged with possession with intent to deliver heroin. Testimony from Officer Wilson that the amount, value, and packaging of the heroin was inconsistent with personal use and therefore evinced an intent to deliver, as well as testimony that firearms are typically used in the drug trade, was relevant and admissible to establish that petitioner had an intent to distribute the heroin, rather than to merely possess the heroin for his own personal use. *See Brown v. Berghuis*, 638 F. Supp. 2d 795, 817 (E.D. Mich. 2009)(citing *People v. Murray*, 234 Mich. App. 46, 53–54; 593 N.W. 2d 690, 693 (1999); *People v. Stimage*, 202 Mich. App. 28, 29–30; 507 N.W. 2d 778, 780 (1993); *cf. United States v. Bender*, 265 F.3d 464, 471–72 (6th Cir. 2001)).  Petitioner would not be entitled to habeas relief because of the introduction of this drug profile evidence. *Id.*

Moreover, assuming that any or all of this drug profiling evidence was improperly admitted, petitioner would not be entitled to habeas relief in light of the substantial additional evidence which established his guilt apart from Officer Wilson's drug profile testimony.  In *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993), the U.S. Supreme Court held that for purposes of determining whether federal habeas relief must be granted to a state prisoner on the ground of federal constitutional error, the appropriate harmless error standard to apply is whether the error had a substantial and injurious effect or influence in determining the jury's verdict.  In the present case, the police

9

found men's clothing and shoes in the upstairs bedrrom that was consistent with petitioner's size. The police recovered numerous documents in the upstairs portion of the house with petitioner's name, including court paperwork and petitioner's driver's license. There were no documents bearing any other person's name found in the upstairs portion of this house. Several weapons were found in the bedroom or in the crawl space of the upstairs sitting room. In this upstairs sitting room, which was accessible only through the bedroom, police recovered sandwich baggies, fingernail size baggies, and a scale, all evidence of narcotics trafficking. The sitting room had a window from which the tree containing the twenty five bindles of heroin was visible. A double bindle of heroin was discovered in the bedroom dresser that matched the size and packaging of the heroin bindles that were found in the tree. Petitioner is not entitled to habeas relief on his claim because the admission of any drug profile evidence did not have a substantial or injurious effect or influence on the jury's verdict, in light of this additional evidence of petitioner's guilt. *See Rodriguez v. Renico,* 94 Fed. Appx. 341, 342 (6th Cir. 2004).

As a related claim, petitioner contends that the trial judge erred in failing to instruct the jurors concerning Officer Wilson's dual roles as a fact witness and an expert witness and to delineate between those two roles, so that the jurors could give the proper weight to each form of testimony.

The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack upon the constitutional validity of a state court conviction is even greater than the showing required in a direct appeal. The question

10

in such a collateral proceeding is whether the ailing instruction so infected the entire trial that the resulting conviction violates due process, not merely whether the instruction is undesirable, erroneous, or even "universally condemned", and an omission or incomplete instruction is less likely to be prejudicial than a misstatement of the law. *Henderson v. Kibbee*, 431 U.S. 145, 154-155 (1977).  The challenged instruction must not be  judged in isolation but must be considered in the context of the entire jury charge. *Jones v. United* States, 527 U.S. 373, 391 (1999).  Further, any ambiguity, inconsistency or deficiency in a jury instruction does not by itself necessarily constitute a due process violation. *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009). It is not enough that there might be some "slight possibility" that the jury misapplied the instruction. *Id.* at 191.  Federal habeas courts do not grant relief, as might a state appellate court, simply because a jury instruction may have been deficient in comparison to a model state instruction. *Estelle v. McGuire*, 502 U.S. at 72.

In the present case, although the judge did not instruct the jurors concerning the different permissible uses of Officer Wilson's factual testimony and his expert testimony, the judge did give the jurors the following cautionary instruction:

> You have heard testimony from a witness, Sergeant Wilson, who gave you his opinion as an expert in the field of narcotics trafficking. Experts are allowed to give opinions in court about matters they are experts on.

> However, you do not have to believe an expert's opinion.  Instead, you should decide whether you believe it and how important you think it is. When you decide whether you believe an expert's opinion, think carefully about the reasons and the facts that he gave for his opinion, and whether those facts are true.

You should also think about the expert's qualifications and whether his opinion makes sense when you think about the other evidence in the case. *Anderson*, 2009 WL 1204499, at * 5.

A majority of the Michigan Court of Appeals concluded that this instruction was sufficient to protect petitioner's substantial rights. *Id.*

The Sixth Circuit has held that it is permissible to allow a police officer to testify both as a fact witness and an expert witness so long as an adequate cautionary instruction is given. *See United States. v. Lopez-Medina*, 461 F.3d 724, 743 (6th Cir. 2006); *United States v. Swafford,* 385 F.3d 1026, 1030 (6th Cir.2004)*; United States v. Thomas*, 74 F. 3d 676, 683 (6th Cir. 1996), *abrogated on other grounds by General Elec. Co. v. Joiner*, 522 U.S. 136, 143 (1997)).  Although it may be preferable to instruct the jurors on the officer's dual roles as factual and expert witness, the giving of an instruction to the jurors on how they should weigh and evaluate expert opinion testimony, as was given in petitioner's case, is considered sufficient to protect the defendant's rights. *Lopez-Medina*, 461 F.3d at 743-44; *Swafford,* 385 F. 3d at 1030; *Thomas,* 74 F. 3d at 683; *See also United States v. Vasquez,* 560 F. 3d 461, 470-71 (6th Cir. 2009)(district court's error in failing to give cautionary instruction regarding detective's dual role as fact witness and expert witness was harmless, where jurors were generally instructed on how to weigh expert testimony and there were no other evidentiary errors).  Because the trial judge instructed the jurors that Officer Wilson had testified as an expert witness and how to evaluate such testimony, petitioner is not entitled to habeas relief on his first claim.

**C.  Claim # 2.  The sufficiency of evidence claim.**

12

Petitioner next contends that there was insufficient evidence presented at trial to prove that he possessed the heroin and the firearms that were seized from his stepfather's house.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970). But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). This inquiry, however, does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19(internal citation and footnote omitted)(emphasis in the original). Circumstantial evidence alone is sufficient to support a conviction, and it is not necessary for the evidence at trial to exclude every reasonable hypothesis except that of guilt. *Johnson v. Coyle,* 200 F. 3d 987, 992 (6th Cir. 2000)(internal quotations omitted).

More importantly, a federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's resolution of that claim. Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable

13

application of the *Jackson* standard. *See Cavazos v. Smith,* 132 S. Ct. 2, 4 (2011).
"Because rational people can sometimes disagree, the inevitable consequence of this
settled law is that judges will sometimes encounter convictions that they believe to be
mistaken, but that they must nonetheless uphold." *Id.*

Under Michigan law, to convict a defendant of possession with intent to deliver a
controlled substance, the prosecution must prove: (1) that the recovered substance is a
narcotic; (2) the weight of the substance; (3) that the defendant was not authorized to
possess the substance; and (4) that the defendant knowingly possessed the substance
with the intent to deliver it. *See People v. McGhee,* 268 Mich.App. 600, 622; 709
N.W.2d 595 (2005).

In order to convict a defendant under Michigan law of possession of a controlled
substance, a prosecutor must prove that he or she exercised control or had the right to
exercise control over the controlled substance. *See McFarland v. Yukins,* 356 F. 3d
688, 708 (6th Cir. 2004)(citing *People v. Konrad,* 449 Mich. 263; 536 N.W.2d 517
(1995))(additional citations omitted).  Under Michigan law, a defendant need not have
actual physical possession of a controlled substance in order to be guilty of possessing
it. *People v. Wolfe,* 440 Mich. 508, 519-20; 441 N.W. 2d 1201 (1992).  Possession of a
controlled substance may be actual or constructive. *Id.*  "Constructive possession
exists when the totality of the circumstances indicates a sufficient nexus between the
defendant and the contraband." *Id.* at 521.  Constructive possession of a controlled
substance can be proven by circumstantial evidence. *See McGhee,* 268 Mich. App. at
623.

14

The elements of felony-firearm are that the defendant possessed a firearm while committing, or while attempting to commit, a felony offense. *See Parker v. Renico,* 506 F. 3d 444, 448 (6th Cir. 2007).  The elements of felon in possession of a firearm in Michigan are: (1) that the defendant was convicted of a felony, (2) that the defendant possessed a firearm, and (3) that at the time of possession less than three or five years, depending on the underlying felony, has passed since the defendant had completed his term of incarceration, satisfied all conditions of probation and parole, and paid all fines. *Id.*  Under Michigan law, possession of a firearm can be either actual or constructive. *Id.* (citing *People v. Hill*, 433 Mich. 464; 446 N.W.2d 140, 143 (1989)). Under both federal and Michigan law, "a person has constructive possession if there is proximity to the [weapon] together with indicia of control." *Id.*  "Put another way, a defendant has constructive possession of a firearm if the location of the weapon is known and it is reasonably accessible to the defendant." *Parker,* 506 F. 3d at 448, n. 3(quoting *Hill,* 446 N.W. at 143).  "As applied, 'reasonable access' is best calibrated to instances where a defendant commits a crime emboldened by a firearm available, but not in hand." *Id.*  The Sixth Circuit notes that "[c]onstructive possession exists when a person does not have actual possession but instead knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others." *Id.* at 449 *(*quoting *United States v. Craven*, 478 F. 2d 1329, 1333 (6th Cir.1973), *abrogated on other grounds by Scarborough v. United States*, 431 U.S. 563 (1977)).

In the present case, there was sufficient evidence for a rational trier of fact to

15

conclude that petitioner possessed the heroin and the firearms that were recovered from the upstairs bedroom of his stepfather's house and from the tree outside of the house. As the Michigan Court of Appeals noted in rejecting petitioner's claim, *see Anderson,* No. 2009 WL 1204499, at * 5-6, male clothing and shoes that were consistent with petitioner's size were located in the upstairs bedroom where the one bindle of heroin and where a gun with a scope was found. The police also recovered numerous documents in petitioner's name from the upstairs portion of the house, including court paperwork and petitioner's drivers license. No other documents were discovered on the upstairs floor with anyone else's name on it and no documents bearing petitioner's name were recovered from the first floor of the house. A second firearm was seized in the crawl space of the sitting room, which was accessible only from the bedroom. Sandwich and fingernail size baggies and a scale, all which are used in narcotics trafficking, were recovered from the sitting room. Police found hundreds of lottery tickets in both rooms.

In the present case, there was sufficient circumstantial evidence presented to establish petitioner's connection to the upstairs area of his stepfather's house so as to sustain his convictions for possession with intent to deliver heroin, felon in possession of a firearm, and felony-firearm under a constructive possession theory. The discovery of several documents in petitioner's name in the upstairs area of the house along with clothing and shoes that matched petitioner's size was sufficient evidence for a rational trier of fact to conclude that petitioner had the right to control the heroin that was recovered from the dresser in the upstairs bedroom and the firearms that were

16

recovered from the bedroom and the upstairs sitting room. *See Anderson v. Trombley,* 451 Fed. Appx. 469, 475 (6th Cir. 2011); *cert. den.* 132 S. Ct. 1152 (2012).

There was also sufficient circumstantial evidence presented for a rational trier of fact to conclude that petitioner constructively possessed the twenty five bindles of heroin that were recovered from the tree in the backyard of the home. As noted by the Michigan Court of Appeals, the bindles of heroin found in the tree matched the size and packaging of the double heroin bindle that was recovered from the dresser in the upstairs bedroom.  As mentioned above, a rational trier of fact could conclude that petitioner had control over the heroin and the firearms recovered from the upstairs bedroom of the house.  Because the bindles of heroin that were recovered from the tree were the same size and packaging as the bindle of heroin recovered from this upstairs bedroom, a rational trier of fact could conclude from the similarity in packaging that petitioner constructively possessed the bindles of heroin that were recovered from the tree outside. *See U.S. v. Jackson,* 610 F.3d 1038, 1043 (8th Cir. 2010); See also *Salters v. Palmer,* 271 F. Supp. 2d 980, 990 (E.D. Mich. 2003)(evidence sufficient to convict petitioner of possession with intent to deliver cocaine, where the cocaine was found hidden in the vehicle that petitioner was driving in rubber gloves that were similar to rubber gloves that petitioner had in his pants pocket).

In light of the foregoing, the Michigan Court of Appeals' decision that there was sufficient evidence to maintain a conviction against petitioner under a constructive possession theory was objectively reasonable, thereby defeating petitioner's claim for habeas relief. *See e.g. Towns v. Jackson,* 287 F. Supp. 2d 749, 758 (E.D. Mich. 2003).

17

**D.  Claim # 3.  The endorsed witness claim.**

Petitioner next contends that his right to confrontation and to a fair trial were

violated because the prosecutor failed to endorse as witnesses the police officers who

initially discovered the twenty five bindles of heroin inside of the tree.

To the extent that petitioner alleges a violation of his Sixth Amendment right to

confrontation, petitioner is not entitled to habeas relief.  Out of court statements that

are testimonial in nature are barred by the Sixth Amendment Confrontation Clause

unless the witness is unavailable and the defendant has had a prior opportunity to

cross-examine the witness, regardless of whether such statements are deemed reliable

by the court. *See Crawford v. Washington,* 541 U.S. 36, 68-69 (2004).  However, the

Confrontation Clause "does not bar the use of testimonial statements for purposes

other than establishing the truth of the matter asserted." *Id.,* at 59, n. 9; *See also*

*Tennessee v. Street*, 471 U.S. 409, 414 (1985).

In the present case, Officer Wilson testified that he was advised by one of the

SWAT team members that they had observed a baggie hidden in a knot of the tree.

Officer Wilson testified that he then went over to the tree and removed the baggie,

which contained the twenty five bindles of heroin. (Tr. 9/24/2007, pp. 142-44)  The

admission of the SWAT team member's out of court statement did not violate

petitioner's right to confrontation because it was not offered for the truth of the matter

asserted but only to explain how Officer Wilson came to discover and seize the bindles

of heroin from the tree.  Evidence that is provided merely by way of background or is

18

offered only to explain how certain events came to pass or why law enforcement officers took the actions that they did is not offered for the truth of the matter asserted, and thus cannot trigger a Confrontation Clause violation. *See United States v. Warman,* 578 F. 3d 320, 346 (6th Cir. 2009)(*quoting United States v. Cromer*, 389 F.3d 662, 676 (6th Cir. 2004)). Petitioner has failed to establish that his right to confrontation was violated.

To the extent that petitioner contends that the SWAT team members should have been endorsed as *res gestae* witnesses, he would not be entitled to habeas relief. Federal law does not require the production of *res gestae* witnesses. *See Johnson v. Hofbauer,* 159 F. Supp. 2d 582, 601 (E.D. Mich. 2001). Michigan law's requirement that the prosecutors produce *res gestae* witnesses is simply a matter of state law whose enforcement is beyond the scope of federal habeas review. *See Collier v. Lafler,* 419 Fed. Appx. 555, 559 (6th Cir. 2011). "[U]nder federal law, there is no obligation on the part of the prosecutor to call any particular witness unless the government has reason to believe that the testimony would exculpate the petitioner." *Atkins v. Foltz,* 856 F. 2d 192 (Table), No. 1988 WL 87710, * 2 ( 6th Cir. August 24, 1988)(citing to *United States v. Bryant*, 461 F. 2d 912, 916 (6th Cir. 1972)). Whether a prosecutor exercised due diligence in attempting to locate a *res gestae* witness is outside the scope of federal habeas review. *Collier,* 419 Fed. Appx. at 559. Petitioner has offered no evidence that these officers would have provided exculpatory evidence, thus, he is not entitled to habeas relief on his claim.

**E. Claim # 4. The prosecutorial misconduct claim.**

19

Petitioner next contends that he was deprived of a fair trial because of prosecutorial misconduct.

"Claims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams,* 376 F.3d 520, 528 (6th Cir. 2004). Prosecutorial misconduct will form the basis for habeas relief only if the conduct was so egregious as to render the entire trial fundamentally unfair based on the totality of the circumstances. *Donnelly v. DeChristoforo*, 416 U.S. 637, 643-45 (1974); *Caldwell v. Russell*, 181 F.3d 731, 736 (6th Cir.1999)("[p]rosecutorial misconduct may warrant habeas relief only if the relevant misstatements were so egregious as to render the entire trial fundamentally unfair to a degree tantamount to a due process deprivation"). The determination whether the trial was fundamentally unfair is "made by evaluating the totality of the circumstances surrounding each individual case." *Angel v. Overberg*, 682 F. 2d 605, 608 (6th Cir. 1982). The Court must focus on "'the fairness of the trial, not the culpability of the prosecutor.'" *Pritchett v. Pitcher*, 117 F. 3d 959, 964 (6th Cir.1997) (quoting *Serra v. Michigan Dep't of Corr.*, 4 F.3d 1348, 1355 (6th Cir. 1993)). Finally, "[t]he Supreme Court has clearly indicated that the state courts have substantial breathing room when considering prosecutorial misconduct claims because 'constitutional line drawing [in prosecutorial misconduct cases] is necessarily imprecise.'" *Slagle v. Bagley*, 457 F. 3d 501, 516 (6th Cir. 2006)(quoting *Donnelly*, 416 U.S. at 645).

Petitioner first contends that the prosecutor committed misconduct by violating his right of confrontation by eliciting hearsay testimony from Officer Wilson. Petitioner

20

points to testimony from Officer Wilson concerning the role of confidential informants and search warrants during a police investigation, as well as testimony that petitioner was known on the street for selling double bindles of heroin.

Petitioner has failed to show that the prosecutor committed misconduct by eliciting this testimony from Officer Wilson.  Prosecutorial misconduct and Confrontation Clause claims "involve distinct legal analyses." *Hicks v. Straub*, 377 F. 3d 538, 556 (6th Cir. 2004).  Even assuming that petitioner's confrontation rights were violated, this would still not amount to prosecutorial misconduct in the absence of a showing of bad faith on the prosecutor's part in asking Officer Wilson these questions. *See Frazier v. Cupp*, 394 U.S. 731, 736-737 (1969)(holding that a prosecutor's good or bad faith in expecting a witness to testify is not controlling in determining whether a defendant's right of confrontation, was violated, but finding that, because of the prosecutor's good faith there, no prosecutorial misconduct claim could be shown). Petitioner has presented no evidence that the prosecutor did not ask these questions in good faith.

Assuming that the prosecutor committed misconduct by asking Officer Wilson about this hearsay information, petitioner would not be entitled to habeas relief in light of the additional evidence against him in this case.  In deciding whether prosecutorial misconduct mandates that habeas relief be granted, a federal court must apply the harmless error standard. *See Pritchett v. Pitcher*, 117 F. 3d at 964.  Because of the additional evidence that was presented against petitioner, the elicitation of this hearsay evidence from Officer Wilson did not have a substantial and injurious effect on the

21

verdict, so as to entitle petitioner to habeas relief.

Petitioner next contends that the prosecutor presented false and misleading testimony through Officer Wilson.

The deliberate deception of a court and jurors by the presentation of known and false evidence is incompatible with the rudimentary demands of justice. *Giglio v. United States*, 405 U.S. 150, 153 (1972). There is also a denial of due process when the prosecutor allows false evidence or testimony to go uncorrected. *Napue v. Illinois*, 360 U.S. 264, 269 (1959)(internal citations omitted). To prevail on a claim that a conviction was obtained by evidence that the government knew or should have known to be false, a defendant must show that the statements were actually false, that the statements were material, and that the prosecutor knew they were false. *Coe v. Bell*, 161 F. 3d 320, 343 (6th Cir. 1998). However, a habeas petitioner must show that a witness' statement was "indisputably false," rather than misleading, to establish a claim of prosecutorial misconduct or a denial of due process based on the knowing use of false or perjured testimony. *Byrd v. Collins*, 209 F. 3d 486, 517-18 (6th Cir. 2000).

Mere inconsistencies in a witness' testimony do not establish the knowing use of false testimony by the prosecutor. *Coe*, 161 F. 3d at 343. Additionally, the fact that a witness contradicts himself or herself or changes his or her story also does not establish perjury either. *Malcum v. Burt,* 276 F. Supp. 2d 664, 684 (E.D. Mich. 2003)(citing *Monroe v. Smith*, 197 F. Supp. 2d 753, 762 (E.D. Mich. 2001)). A habeas petition should be granted if perjury by a government witness undermines the confidence in the outcome of the trial. *Id.*

22

Petitioner first contends that Officer Wilson committed perjury when he testified that a rifle that he found on the first floor of the house must have belonged to petitioner's stepfather, because the gun would not have been accessible to someone selling drugs either on the second floor of the house or from the backyard.

In the present case, Officer Wilson did not testify falsely about material facts. Instead, he was asked why he did not seize the firearm that he found on the first floor. Officer Wilson testified that he did not seize the weapon because he believed that it belonged to petitioner's stepfather.  Officer Wilson testified that he came to this conclusion because he did not believe that the gun would be reasonably accessible to persons selling drugs on the second floor of the house or from the backyard.  "An allegation of perjury as to a 'matter of perception' fails absent 'conclusive proof' that the witness testified falsely as to his belief." *United States v. Robinson-Gordon*, 418 Fed. Appx. 173, 177 (4th Cir. 2011)(citing *United States v. Derrick*, 163 F. 3d 799, 828 (4th Cir. 1998)).  Petitioner is not entitled to habeas relief on his claim because he has presented no evidence that Officer Wilson testified falsely concerning his subjective belief that the gun that he recovered from the first floor was not accessible to persons on the second floor or in the backyard, nor has he shown any evidence that the prosecutor would have known that Officer Wilson was testifying falsely about his subjective belief on this subject. *Id.*

Petitioner next claims that Officer Wilson committed perjury by testifying that the tree where the drugs were found was determined to be on the property of petitioner's stepfather.  Petitioner has presented no evidence to this Court to suggest that the tree

23

where the bindles of heroin were recovered was not on his stepfather's property. Conclusory allegations of perjury in a habeas corpus petition must be corroborated by some factual evidence. *Barnett v. United States*, 439 F.2d 801, 802 (6th Cir.1971). Even assuming that Officer Wilson lied about whether the tree that the drugs were recovered from was on petitioner's stepfather's property, petitioner is still not entitled to habeas relief on his perjury claim, because he has failed to show that the prosecutor knew that Officer Wilson had testified falsely on this matter. *See Rosencrantz v. Lafler,* 568 F. 3d 577, 587 (6th Cir. 2009). Petitioner is not entitled to habeas relief on his fourth claim.

### F. Claim # 5. The ineffective assistance of trial counsel claim.

Petitioner lastly contends that he was deprived of the effective assistance of trial counsel.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id.* To

24

demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.  "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011)(quoting *Harrington*, 131 S. Ct. at 792).  The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 130 S. Ct. 383, 390-91 (2009).

On habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable-a substantially higher threshold.'" *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1420 (2009)(quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).  "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable.  This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 131 S. Ct. at 785.  Indeed, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles,* 129 S. Ct. at 1420 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  Pursuant to § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Id.*  This

means that on habeas review of a state court conviction, "[A] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself."*Harrington*, 131 S. Ct. at 785. "Surmounting *Strickland's* high bar is never an easy task." *Id.* at 788 (quoting *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010)).

Petitioner first contends that trial counsel was ineffective for failing to object to the admission of Officer Wilson's expert testimony concerning the drug profile evidence. As mentioned in the discussion of petitioner's first claim, *infra,* the drug profile evidence was only a limited portion of the prosecution's case against petitioner. Even if the drug profile evidence had been objected to by counsel and excluded, a jury could have reasonably concluded that petitioner constructively possessed the heroin and the firearms in this case. Accordingly, petitioner was not prejudiced by counsel's failure to object to the admission of this drug profile evidence. *See Johnson v. Carroll*, 157 Fed. Appx. 472, 476 (3rd Cir. 2005).

As a related claim, petitioner contends that trial counsel was ineffective for failing to request a cautionary instruction from the judge concerning Officer Wilson's dual roles as a fact witness and an expert witness and to demarcate between those two roles. As mentioned in the section rejecting petitioner's first claim, *supra,* the trial judge gave a cautionary instruction to the jurors that Officer Wilson had testified as an expert witness and how they should evaluate expert testimony. Because the instruction as given by the trial court put the issue squarely before the jury that Officer Wilson had testified as an expert and how they should weigh expert testimony,

26

petitioner was not prejudiced by counsel's failure to request a specific instruction concerning Officer Wilson's dual roles as an expert witness and a factual witness, so as to support a claim of ineffective assistance of counsel. *See Millender v. Adams,* 376 F. 3d at 526.

Petitioner next contends that trial counsel was ineffective for failing to object to the prosecutorial misconduct that he complained of in Claim IV, *supra.*

To show prejudice under *Strickland* for failing to object to prosecutorial misconduct, a habeas petitioner must show that but for the alleged error of his trial counsel in failing to object to the prosecutor's improper questions and arguments, there is a reasonable probability that the proceeding would have been different. *Hinkle v. Randle,* 271 F. 3d 239, 245 (6th Cir. 2001). Because the Court has already determined that the prosecutor's questions and comments did not deprive petitioner of a fundamentally fair trial, petitioner is unable to establish that he was prejudiced by counsel's failure to object to these questions and remarks. *Slagle,* 457 F. 3d at 528.

Petitioner lastly contends that trial counsel was ineffective for failing to object to Officer Wilson's perjured testimony. Petitioner's claim fails, because he has not shown that the prosecution knowingly used perjured testimony. *Monroe,* 197 F. Supp. 2d at 760.

### IV. Conclusion

For the reasons discussed, state court adjudication of the petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court.

27

Nor did the state court adjudication result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  This Court concludes that the petitioner is not entitled to federal habeas relief on the claims contained in his petition.

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

This Court denies a certificate of appealability because reasonable jurists would not find this Court's assessment of the claims to be debatable or wrong. *See Slack v. McDaniel*, 529 U.S. at 484.

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v.*

28

*Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)).  Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

## V.  ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that petitioner will be granted leave to appeal *in forma pauperis.*


Dated:  May 31, 2012          S/Denise Page Hood
                              Denise Page Hood
                              United States District Judge


I hereby certify that a copy of the foregoing document was served upon counsel of record on May 31, 2012, by electronic and/or ordinary mail.

                              S/LaShawn R. Saulsberry
                              Case Manager

29